**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION DIVISION**


**KENNETH SHIRAH, SR.,**

      **Petitioner,**

**vs.**                                     **Case No. 5:05cv217-RH/WCS**

**STATE OF FLORIDA,**

      **Respondent.**

_____/

**<u>ORDER ON INITIAL PLEADING</u>**

This cause is before the court on a document titled "Criminal Justice Act Plan I. Authority."  Doc. 1.  Petitioner Shirah references his 1992 arrest for sexual battery, records and transcripts held by the Florida Department of Children and Families (DCF), and an investigation summary.  *Id.*, p. 1-3.  Petitioner submits (within the pleading) a letter from Darren Young, Senior Attorney with DCF, dated September 27, 2005.  This letter to Petitioner (in response to Petitioner's letter) notes Petitioner's 1993 sexual battery sentence, and advises that the right to appellate review long ago expired.  Mr. Young advised that DCF will not accept a "challenge" to prove guilt or innocence, and will not make findings of fact.  He advises that DCR records of child victims who long

ago reached the age of 18 had been destroyed.  He did release two reports which were still available.  The reports (of the intake fact sheet and investigative decision summary) are also enclosed within Petitioner's pleading.

The last page of doc. 1 is titled "Determination if Need for Counsel," and "this is an [sic] request" is written above Petitioner's signature at the bottom of the page.

It appears that this pleading is a request for appointment of counsel, though it is not clear for what purpose.  Relief from a state court judgment is available in this court pursuant to 28 U.S.C. § 2254.  Petitioner has previously filed a number of § 2254 petitions in this court, some of which were dismissed as successive.  "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed," and a claim "that was not presented in a prior application shall be dismissed unless" it satisfies the statute.  28 U.S.C. § 2244(b)(1) and (2).  Even for a second or successive motion which would be permitted, a petitioner must first obtain authorization from the Eleventh Circuit.  § 2244(b)(3); § 2254 Rule 9.  This court lacks jurisdiction over a second or successive motion absent such authorization.

Further, according to Mr. Young's letter, Petitioner was sentenced to 17 years followed by three years of supervision, and he was released from custody on July 28, 2000.  This information is also available on the website maintained by the Florida Department of Corrections.  It therefore does not appear that Petitioner remains "in custody," and the court lacks jurisdiction under § 2254 if the applicant is not in custody at the time of filing.

Case No. 5:05cv217-RH/WCS

Finally, Petitioner has not submitted an application to proceed in forma pauperis, nor has he paid the $5.00 filing fee for a § 2254 petition or (if he is attempting to obtain some other kind of relief), the $250.00 filing fee.  28 U.S.C. § 1914(a) (the fee for instituting any civil action except habeas corpus is $250.00).

Petitioner will therefore be required to explain precisely what relief he ultimately seeks from this court, and to either pay the appropriate filing fee or submit an in forma pauperis application.  Alternatively, he may voluntarily dismiss this case.  Unless and until it appears that Petitioner has a colorable claim cognizable in this court, his request for counsel is premature.

Accordingly, it is **ORDERED**:

1.  The clerk shall forward to Petitioner an in forma pauperis application package suitable for non prisoners.

2.  Petitioner shall file a response to this order no later than **December 21, 2005**. With his response Petitioner must either submit a completed in forma pauperis application or pay the filing fee.  Alternatively, Petitioner may file a notice of voluntary dismissal.

4.  Failure to comply with this or any future orders will result in a recommendation that this case be dismissed.

**DONE AND ORDERED** on November 14, 2005.


  S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE**